Mr. Foreman v. Wadsworth, Mr. Redmond. Good morning. May it please the Court. My name is Larry Redmond on behalf of the plaintiff, Anthony Foreman. And as it happens, I don't have anything additional to add to the briefs that I'm sure the Court has already read. So if the Court has questions, I'd be prepared to try to entertain those at this point. I did have one question, Mr. Redmond. At page 23 of your brief, you said that litigating the merits was the last thing you wanted to do. That is correct, Judge. Could you explain that to me? Yes. The whole point of my bringing this litigation was to challenge Emily B. Packman. So why not alert the judge to the fact that that's what you were doing? The rules don't require it. Professional responsibility ordinarily does require you to alert the Court to directly contrary authority. Is that correct? I wasn't aware of that, Judge. And I found a case that I think from this district that specifically says that the challenge to it is not required, if I can find it. Take a look at the rules of professional responsibility with an advocate's duties of candor to the tribunal. I will look at those, Judge. And Imbler v. Packman falls squarely within that rule. I'm sorry, I don't know the number of the rule off the top of my head. I didn't realize that was likely to be an issue this morning. Neither did I. But I will look at it. But to answer your question, if I may, the whole point of my bringing this was to challenge Imbler. And when I had raised these very same issues in an earlier case, the Mitchell v. Nessemeyer case, and in that case, the state's attorney relied immediately upon the 11th Amendment and absolute immunity. And that was sort of what I had expected to happen in this case. Instead, they didn't do that. They began to treat this case as if it were going to actually be litigated. And I felt that in order for me to protect my client, I had to treat it as if it were being genuinely litigated as well. It was not until later in the case, during the litigation, where the issue of 11th Amendment and absolute immunity came up. And that was when the issue was disposed of. So that was what I meant when I said I had not expected to have to litigate this case. I thought they would bring up 11th Amendment and absolute immunity right off the bat. Is it correct that the operative complaint in this case had 59 counts? That's probably correct, yes, Judge. How on earth? That's an attorney's job is to be creative. That's part of a lawyer's job. Okay, thank you. Okay, well, thank you, Mr. Redmond. Thank you. I'd like to reserve the balance of my time for rebuttal. Yeah, sure, of course. Mr. Magbana? Good morning, Your Honors, and may it please the Court. I am E. Fyne Magbana, and I represent the City of Farakka defendants. Plaintiff's challenge of the magistrate judge's discovery ruling must fail under both forfeiture and under the merits. But I'll, first of all, respond to the question asked by Judge Hamilton as to the counts. There were 59 counts in the operative complaint, counts directed against 20 individual city defendants, the City of Farakka, the county, and several county employees, citing a stream of constitutional issues. But going to the arguments relating to the City of Farakka defendants, plaintiff failed to challenge the magistrate judge's discovery ruling, and based on Rule of Civil Procedure 72A, he forfeits the right to bring his argument for the very first time on appeal. However, even if he does not forfeit his right, his argument fails on its merits. He did not challenge it before the district court. In his briefs before this court, he does not demonstrate any just cause why he did not challenge it in the first place, and he does not articulate any reason on the merits why this denial of his motion to extend the discovery deadline affected him or caused him any prejudice at all. Mr. Mogbrana, may I ask you, the plaintiff here was charged with obstructing a police officer, correct? That is correct. Because he refused to talk to the police officer? That's what the record shows. Is that what the Rockford police are doing? Your Honor, that was, my understanding, that was the charge which the officer presented before, but that was not the only charge. Our motion for summary judgment for false arrest was granted based on the criminal housing management, which was the charge which the prosecutor eventually dismissed. And help me out on this, Mr. Mogbrana. I don't know that a plaintiff, for example, has to put in his complaint, there's an absolute immunity defense under controlling Supreme Court authority that defeats this claim. But when do you think the plaintiff's attorney was obliged to inform the court about that problem, such that sanctions would be appropriate here? Your Honor, I believe at the time of filing the complaint. I believe under Rule 11 of the civil procedure that he's obliged to alert the court that this is the main reason for bringing this clause of action. Is that a waivable defense? I don't believe, Your Honor, that that's a waivable defense. Really? Well, suppose I disagree with you that the plaintiff is obliged to inform the court as part of his complaint. In the progress of this litigation, when was the plaintiff obliged to inform the court about Imbler? Obviously, Judge Kapala knew about Imbler from the Mitchell case and otherwise. But under your theory or the judge's theory of sanctions, when was he obliged to tell the court about that? I believe that may be an argument probably for my co-defendant, but I'll speak to it the best I can. I just speak for the city of Rockford defendants. I believe that at the time, at the earliest opportunity that the plaintiff, either responding to responsive pleading or in response to the motion for judgment on the pleadings, that the plaintiff should have brought that to the attention of the court. And then finally, a plaintiff mentioned in his reply brief that the discovery that the court had dismissed the city of Rockford executives prematurely, that is factually inaccurate and unsupported by the record, because the city of Rockford defendants initially filed a motion to dismiss, and parts of the plaintiff's complaint was dismissed on grounds of capacity to be sued, statute of limitation grounds, and failure to state a claim. It was the claims that survived the original motion to dismiss that the city of Rockford moved to be dismissed on summary judgment grounds, and at the time that plaintiff sought extension of discovery, the discovery that he sought related to counts that were previously dismissed, counts that he did not refile, and counts that had no, discovery that had no connection to the remaining counts before the court. If there are no other questions, we rest on our brief. Thank you, Judge. Okay, thank you, Mr. McDonough. Mr. Redmond, do you have anything? I think, did you all divide five minutes of argument? Was that the plan? That is correct. Oh, okay. I'm sorry. So, Ms. Ho? Your Honors, if it please the court, my name is Sarah Hoey, and I represent the Winnebago County defendants who include Assistant State's Attorney Matthew Liston, the Office of the State's Attorney, and the County of Winnebago. The plaintiff brought this action against them, alleging that Matthew Liston's drafting and filing of an indictment were a violation of his civil rights. I initially answered this complaint only because he also included a conspiracy count that included the two officers that were involved in the indictment that did charge disorderly conduct for not talking to a police officer. However, it's my understanding those officers, like Mr. McDonough said, also arrested his client on criminal housing management as well. I answered because at the time I answered, it was my belief that due to the conspiracy allegations, that he was alleging there was some type of collusion between Matthew Liston and the two arresting officers, which I then came to discover that those people had never discussed this case or even spoken about it. So, I subsequently filed a motion for judgment on the pleadings, which the court granted. And that's where you raised Imbler? That's where I raised Imbler. And did the response raise the challenge to Imbler that has been briefed in this court, or that was raised in the Mitchell case? I believe the response that's been raised in this court was raised to a rule to show cause that Judge Capala raised, because that was the first time myself or the court, I believe, were made aware of the challenge that Mr. Redman is raising on appeal. Your Honors, I have nothing further. Okay. Well, thank you very much, Ms. Howell. Thank you. And Mr. Redman, do you have anything further? Thank you, Judge. I just want to point just to clarify one last piece about the appealability of the magistrate judge's ruling, and that is that the plaintiff should have been warned that had he not appealed the magistrate judge's ruling to the district judge, that the failure to make that appeal would foreclose the possibility of him appealing it in this court. And no such warning was given, and therefore the magistrate judge's ruling is appealable in this court. That's all that I have, Judge. Okay. Well, thank you very much.